defendant agreed to pay. The plaintiff would still have his action at law against the defendant to recover the amount due to him under its contract, and no act of the defendant in refusing to accept insurance, and no breach of the contract on the part of the defendant, could affect his right to recover, or give him an action in equity to restrain the defendant from refusing to recognize this legal obligation. It is quite clear, upon the complaint in this action and the conduct of the defendant in relation to it, that the action is a collusive one, and brought to obtain a judgment which both parties to the action desire, and is not, therefore, an application in good faith to enforce an existing right.

The judgment should be affirmed, with costs.

McLAUGHLIN, LAUGHLIN, and SCOTT, JJ., concur.   PATTERSON, P. J., concurs in result.

---

FLETCHER v. BANKERS' LIFE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 3, 1909.)

1. INSURANCE (§ 253*)—LIFE INSURANCE—APPLICATION REFERRING TO PRIOR EXAMINATION—CONSTRUCTION.

A medical examiner instead of repeating the questions contained in the application, inserted a statement that the applicant asserted that the statements made in a prior examination for insurance in another company still held good and were valid in regard to the pending examination. *Held*, that this should be construed as intended to reiterate the truth of the answers given on the prior examination.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 538; Dec. Dig. § 253.*]

2. INSURANCE (§ 300*)—APPLICATION FOR LIFE INSURANCE—FALSE ANSWER AS TO PRIOR APPLICATION.

Where an applicant for life insurance knew when examined that he had applied to another company and a policy had not been issued, an answer stating that he had never applied for insurance for which a policy was not issued was clearly false, though he was told by the examiner that he was postponed for a further examination.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 679; Dec. Dig. § 300.*]

3. INSURANCE (§ 300*)—LIFE INSURANCE—MATERIALITY OF PRIOR REJECTION—BREACH OF WARRANTY.

A prior rejection of insured by another company was most material to the risk, and a false statement in respect thereto was a clear breach of his warranty as to the truth of statements on his application offered as a consideration of the contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 679; Dec. Dig. § 300.*]

Appeal from Trial Term, New York County.

Action by Louise Fletcher against the Bankers' Life Insurance Company of New York. From a judgment for plaintiff, and from an order denying a new trial (62 Misc. Rep. 546, 116 N. Y. Supp. 1105), defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wilson B. Brice, for appellant.
Leslie C. Ferguson, for respondent.

INGRAHAM, J. This action, was brought upon a policy of life insurance issued by the defendant on July 12, 1906, by which the defendant undertook to pay to the plaintiff the sum of $2,500 upon the death of Walter Fletcher. The defense was a false statement made by the insured to the medical examiner of the company, upon which the defendant issued the policy in suit. It seems that in the year before the deceased had applied for insurance in the Life Association of America, and on his medical examination upon that application he was asked how long since he had consulted a physician, and in reply stated that he had not consulted a physician for 35 years. He was further asked if any physician had ever given an opinion that he was not safely insurable, to which the answer was, "No." He was also asked, "Have you ever made an application for life insurance, upon which a policy was not issued, or, if issued, on a different plan from the one applied for?" to which he answered, "No." This examination was had and the certificate signed by the deceased on August 1, 1905. On July 12, 1906, he applied for insurance in the defendant company. The medical examiner of the defendant, having this examination of August 1, 1905, instead of repeating the question, inserted in the application the following:

"The applicant asserts that the statements made in examination in policy No. 4937 in the Life Association of America on July 28, 1905, and again on August 1, 1905, still hold good and are valid in regard to this examination. There is no change from last examination of August, 1905, except the insurance taken in the Metropolitan Life Co."

And this was signed by the deceased. As a part of this medical examination, the deceased also signed the following:

"All the statements made to the medical examiner, as well as those contained in my application, are the basis and form a part of the proposed contract for insurance, subject to the charter and by-laws of the company and the laws of the state of New York. I hereby agree that all the foregoing statements and answers, and all those that I make to the medical examiner in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract, which I hereby agree to accept, and which shall not take effect until the first premium shall have been paid to the company. * * * I certify that my answers to the foregoing questions and my statements are correctly recorded."

This was signed by the medical examiner. It was then proved that in 1905 the insured had been ill at Olean, N. Y.; that he had been attended by a physician at that place, and had been treated for such illness; that his illness was acute gastritis, with nausea, vomiting, chills, fever, with weakness of heart; and that he had been treated for such illness continuously from September 30, 1905. It also appeared that in the year 1905 he had made an application for a policy of insurance to the Mutual Reserve Life Insurance Company, and had been examined by the physician of that company on July 21, 1905, and that his application had been rejected on July 28, 1905. The physician conducting this last examination testified that, while there was a statement in the examination of July 21st that the application was re-

served for future examination, the application was really rejected on the 21st of July.

At the end of the trial both parties applied for the direction of a verdict, and neither party requested the court to submit any question to the jury. The court subsequently directed a verdict for the plaintiff, stating that it was of the opinion that the description of the words inserted in this medical examination was intended as a reiteration of the truth of the answers given on the prior examination, and I think they fairly bear that construction. The court also held that the words, "There is no change from last examination of August, 1905, except the insurance taken in the Metropolitan Co.," were to be construed as meaning that in the opinion of the witness his physical condition was not changed, and the fact that he had a temporary illness of a few weeks' duration after the last examination was not a breach of that covenant.

I do not think it necessary to decide this question, because I think the evidence conclusively establishes the fact that the insured had made an application to the Mutual Reserve Life Insurance Company on July 21, 1905, which had been rejected at least on July 28, 1905. Upon the examination of the 1st of August, 1905, upon which this policy was based, he was asked, "Have you ever made an application for life insurance, upon which a policy was not issued, or, if issued, on a different plan than the one applied for?" to which he answered, "No." He had made an application to the Mutual Reserve Fund Association prior to July 21, 1905, had been examined on July 21st, and a policy was not issued upon that application. The trial judge said in his opinion that the testimony on this branch of the case is very unsatisfactory, and leaves one under the conviction that this medical examiner, at most, told the deceased that he was postponed for a further examination. Assuming that he was so told on the 21st of July, the deceased knew at the time he was examined that he had made an application to the Mutual Reserve Life Insurance Company for life insurance and that a policy had not been issued. His answer, therefore, to that question, was clearly false. This rejection by another company was most material. It seems to me that this was a clear breach of the warranty.

It follows that the judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.